IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERNON HOBOCK,

    Plaintiff,

vs.                                                No. CIV 98-1559 JC/RLP (ACE)

GRANT COUNTY BOARD OF
COMMISSIONERS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss *(Doc. 25)*, filed March 19, 1999. Defendants claim that this cause should be dismissed because the State of New Mexico is a necessary and indispensable party which cannot be joined due to Eleventh Amendment absolute immunity. *See* FED. R. CIV. P. 19.

**I.**    **Background**

The First Amended Complaint, filed March 9, 1999, states that this is a civil rights and state torts action for money damages brought pursuant to 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, 1978 N.M.S.A. §§ 41-4-1 *et seq*. Plaintiff alleges that at the time of the incidents at issue he was a minor resident of Tennessee. Plaintiff and another juvenile were arrested in Lordsburg, New Mexico, on or about May 22, 1997. Plaintiff claims that he and the other juvenile were runaways from Tennessee. Hidalgo County authorities determined to detain Plaintiff until he could

be returned to Tennessee. According to Plaintiff, he was transported to the Grant County Juvenile Detention Center (detention center).

Plaintiff alleges he was placed in the same cellblock as violent gang related minors. Plaintiff maintains that Defendant Carlson, the jail administrator of the detention center, and Defendant Arciero, a detention officer at the detention center, knew or should have known that Plaintiff was having trouble coping with the other minors. Those minors allegedly routinely threatened Plaintiff with great bodily harm from May 22 to May 23, 1997. Plaintiff stated that he sought refuge in his cell but the detention officer on duty ordered Plaintiff out of his cell. On May 23,1997, the minors severely beat Plaintiff on the boys' sundeck behind closed doors and again in the cellblock area. Plaintiff alleges that he was then raped in his cell by being forced to engage in oral sex. Plaintiff contends that these events occurred due to the lack of proper monitoring by Defendants and the placement of nonviolent minors with violent minors. Even after the assaults, Plaintiff contends that Defendant Carlson kept Plaintiff at the detention center for an unreasonable period without probable cause that Plaintiff had committed any criminal act and without justification.

Plaintiff brings three counts. Count I alleges violations of Plaintiff's federal civil rights. Specifically, Plaintiff alleges violations of his Fourth and Fourteenth Amendment rights to be secure in his person against unreasonable seizures and due process of law. Plaintiff further asserts that Defendants deprived him of his liberty without due process of law as guaranteed by the Fifth and Fourteenth Amendments. Finally, Plaintiff cites to the Fourteenth Amendment in contending that Defendants subjected him to cruel and unusual punishment. Count II alleges negligent operation of the detention facility. Count III alleges negligence causing torts enumerated under

1978 N.M.S.A. § 41-4-12 for which immunity has been waived. Plaintiff seeks both compensatory and punitive damages.

**II.      Discussion**

A party seeking to dismiss an action for failure to join a necessary and indispensable party under Rule 12(b)(7) has the burden of persuasion in establishing the two part test of indispensability set out in Rule 19. *See Rishell v. Jane Phillips Episcopal Mem. Med. Ctr.*, 94 F. 3d 1407, 1411 (10th Cir. 1996). Under Rule 19(a), the moving party must first show that an absent party is necessary and should be joined if feasible. If the absent party is necessary but cannot be joined, the moving party must then establish under Rule 19(b) that the suit should be dismissed instead of proceeding without the absent party.

A party is necessary if one of three grounds is established: 1) if complete relief would not be available to the parties in the suit without joining the absent party, 2) if the absent party has an interest related to the suit that would, as a practical matter, be impaired by that party's absence, and 3) if any of the parties already in the suit would be subject to a substantial risk of multiple or inconsistent obligations due to the absence of the other party. *See Rishell*, 94 F.3d at 1411 (citing Rule 19(a)).[1] Even so, "[t]here is no precise formula for determining whether a particular nonparty must be joined under Rule 19(a). The decision has to be made in terms of the general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them."

---

[1] The moving party may present evidence outside the pleadings in order to show the nature of a third-party's interest that would be impaired if the action were to proceed. *See Citizen Band Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).

*Knutzen v. Eben Ezer Lutheran Housing Ctr.*, 815 F.2d 1343, 1356 (10th Cir. 1987) (quoting 7 C. WRIGHT, A. MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE §1604, at 40 (1986)). Additionally, one must consider "'the social interest in the orderly, expeditious administration of justice.'" *Id.* (quoting John W. Reed, *Compulsory Joinder of Parties in Civil Actions*, 55 MICH. L. REV. 327, 330 (1957)). In sum, "[d]eterminations under Rule 19 are to be made in the practical context of each particular case, leaving to the sound discretion of the court the question of how the action should best proceed under the circumstances." *McCooe v. Town of Manchester,* 101 F.R.D. 339, 340 (D. Conn. 1984) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968)).

The first factor under Rule 19(a) is whether there would be complete relief available to the parties already in the suit. Defendants argue that if they lose this case they will have the right to claim indemnity and contribution against the State. Defendants base this argument on the fact that the State was the legal custodian of Plaintiff and holding Plaintiff pursuant to the State's Interstate Compact on Juveniles (Compact), 1978 N.M.S.A. §§ 32A-10-1 to 32A-10-8. Defendants' argument is flawed, however. Even reading Plaintiff's amended complaint liberally, the amended complaint does not assert any error with respect to how and why Plaintiff was detained. Rather, the amended complaint attacks the alleged dangerous conditions Plaintiff encountered at the detention center and its appropriateness as a detention center for runaways. Defendants, not the State, are responsible for the detention center's condition. Under 1978 N.M.S.A. § 33-6-5, juvenile detention centers are maintained at the expense of the county and the county board of commissioners has supervisory control over them. The Compact does not appear to shift the county and its board of commissioners' responsibilities for the juvenile detention centers to the State. 1978 N.M.S.A. § 32A-10-1, Art. 1(B)

of the Compact states that "[i]n carrying out the provisions of this compact, the party states shall be guided by the noncriminal, reformative and protective policies which guide their laws concerning delinquent, neglected or dependent juveniles generally." Moreover, 1978 N.M.S.A. § 32A-10-7 provides that "[t]he departments and agencies of this state and its political subdivisions shall enforce the Interstate Compact on Juveniles [32A-10-1 NMSA 1978] and do all things appropriate to the effectuation of its purposes and intent within their respective jurisdictions." Under these circumstances, complete relief could be obtained from Defendants.

Since Defendants are responsible for maintaining and supervising the detention center, I further find that although the State might have an interest related to the suit because of its legal custody of Plaintiff, as a practical matter that interest would not be impaired if this suit continues without it as a party. Plaintiff's custody is simply not at issue, the conditions of the detention center are. In addition, I fail to see that Defendants would be subjected to substantial risk of multiple or inconsistent obligations if the State is not joined. Defendants mention a possibility of a state suit by Plaintiff and his companion but that is purely speculative. *See Sales v. Marshall*, 873 F.2d 115, 121 (6th Cir. 1989) ("Rule 19(a)(1) focuses 'on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person'"(quoting *LLC Corp. v. Pension Benefit Guaranty Corp.*, 703 F.2d 301, 305 (8th Cir. 1983)). I conclude that the State is not a necessary party. Having so ruled, I find no need to discuss whether the State would be indispensable under Rule 19(b).

Wherefore,

IT IS ORDERED that Defendants' Motion to Dismiss *(Doc. 25)* is **denied**.

DATED this 1st day of June, 1999.

                                         **CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| For Plaintiff: | H. R. Quintero<br>Robinson, Quintero & Lopez, P.C.<br>Silver City, New Mexico |
| | Philip B. Davis<br>Albuquerque, New Mexico |
| For Defendants: | Mark J. Riley<br>Riley, Shane & Hale, P. A.<br>Albuquerque, New Mexico |