# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VERNON HOBOCK,

    Plaintiff,

vs.                                             No. CIV 98-1559 JC/RLP (ACE)

GRANT COUNTY BOARD OF
COMMISSIONERS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Second Motion to Dismiss *(Doc. 20)*, filed March 12, 1999. Defendants request that this matter be dismissed on the grounds of Eleventh Amendment absolute immunity, quasi-judicial immunity, and qualified immunity. This is a civil rights and state torts claim case wherein Plaintiff is suing the Grant County Board of Commissioners, Kurt Carlson--the Grant County Juvenile Detention Center Administrator--and Rosemary Arciero–a Grant County detention officer. The individual defendants are sued both in their individual and official capacities. Plaintiff is seeking both compensatory and punitive damages for physical and sexual abuse he suffered while detained at the Grant County Juvenile Detention Center (detention center).

## I.    Standard for Motion to Dismiss

When reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "must accept as true the plaintiff's well-pleaded factual allegations and all

reasonable inferences must be indulged in favor of the plaintiff." *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Shoultz v. Monfort of Colo., Inc.*, 754 F.2d 318, 321 (10th Cir. 1985), *cert. denied*, 475 U.S. 1044 (1986).

## II.  Eleventh Amendment Absolute Immunity

Defendants claim that they are subject to Eleventh Amendment absolute immunity because they are arms of the state. Generally, counties are not entitled to Eleventh Amendment immunity. *See, e.g., Elam Constr., Inc. v. Regional Transp. Dist.*, 129 F.3d 1343, 1345 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 1363 (1998). The recent Supreme Court case, *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996), does not change that general rule. *Robertson v. Morgan County*, 1999 WL 17787 at *3 (10th Cir. 1999). Even so, an entity may have Eleventh Amendment immunity if it is an arm of the state, i.e., an alter ego or instrumentality of the state. *Elam*, 129 F.3d at 1345. To determine whether an entity is an arm of the state, one examines the powers, nature, and characteristics of the entity under state law. *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988). Factors to be considered in the arm of the state inquiry include: the characterization of the entity under state law, the state's guidance and control of the entity, amount of state funding received by the entity, and whether the entity can levy taxes or issue bonds. *Sonnenfeld v. City and County of Denver*, 100 F.3d 744, 749 (10th Cir. 1996), *cert. denied*, 117 S. Ct. 1819 (1997). The most important factor is "whether a judgment against the entity would be paid from the state treasury." *Elam*, 129 F.3d at 1345.

Counties in New Mexico operate as independent political subdivisions. *See Daddow v. Carlsbad Mun. Sch. Dist.*, 120 N.M. 97, 105, 898 P.2d 1235, 1243 (1995), *cert. denied*, 516 U.S. 1067 (1996). They can levy taxes and issue bonds. *See, e.g.,* 1978 N.M.S.A. § 4-38-17 (counties authorized to levy taxes on all taxable property in the county for general county purposes), § 4-49-7 (counties may issue general obligation bonds), § 4-62-1 (counties may issue revenue bonds), and §§ 4-59-1 to 16 (counties may issue county industrial revenue bonds). Moreover, liabilities are not paid directly from state funds but from county funds. *See Daddow*, 120 N.M. at 103-04, 898 P.2d at 1241-42 (analysis for local school board same for counties). Under these circumstances, I cannot find that Defendants are arms of the state for Eleventh Amendment immunity purposes. Accordingly, Defendants are not entitled to Eleventh Amendment immunity.

### III. <u>Quasi-Judicial Immunity</u>

Defendants also argue that they are entitled to quasi-judicial immunity because they were carrying out a judicial order to place Plaintiff in the detention center. Quasi-judicial immunity applies to officials charged with the duty of executing a facially valid court order. *Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990) (finding officials absolutely immune from liability for damages in suit challenging conduct prescribed by facially valid court order). However, quasi-judicial immunity only applies to "damages flowing from the fact of a prisoner's incarceration." *Patterson v. Von Riesen*, 999 F.2d 1235, 1240-41 (8th Cir. 1993). Quasi-judicial immunity is inapplicable where the alleged unlawful acts or omissions are not pursuant to a court order. *Henry v. Sanchez*, 923 F. Supp. 1266, 1271 (C.D. Cal. 1996). In this case, Plaintiff is not challenging the fact of his

detention but rather is challenging the conditions of his detention. Consequently, I find that the doctrine of quasi-judicial immunity does not apply to Defendants.

## IV.    Qualified Immunity

Next, Defendants contend that the individual defendants are entitled to qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U. S. 800, 818 (1982). The qualified immunity defense "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). In deciding qualified immunity, "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Conn v. Gabbert*, 119 S. Ct. 1292, 1295 (1999).

The individual defendants maintain that they are entitled to qualified immunity with respect to Count I of the amended complaint. Count I alleges violations of Plaintiff's federal civil rights. Specifically, Plaintiff alleges violations of his Fourth and Fourteenth Amendment rights to be secure in his person against unreasonable seizures and due process of law. Plaintiff further asserts that Defendants deprived him of his liberty without due process of law as guaranteed by the Fifth and Fourteenth Amendments. Finally, Plaintiff cites to the Fourteenth Amendment in contending that Defendants subjected him to cruel and unusual punishment. Plaintiff refines his Count I allegations in his response brief by stating that his right to substantive due process was violated by the "Defendants' deliberate indifference to a known pervasive risk of harm to which he was subjected

while in their custody and which caused his injuries." Pl.'s Resp. to Defs.' Second Mot. to Dismiss at 15 (filed April 21, 1999). That being so, I find that Plaintiff has abandoned his other constitutional claims and now relies solely on the Fourteenth Amendment substantive due process claim.[1]

The standard for determining whether a state official has violated a pretrial detainee's right to basic human needs--including protection from violence--is "deliberate indifference." *See, e.g,. Hare v. City of Corinth*, 74 F.3d 633, 648-49 (5th Cir. 1996). "[A]n official or municipality acts with deliberate indifference if its conduct (or adopted policy) disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Barrie v. Grand County Utah*,119 F.3d 862, 869 (10th Cir. 1997). However, "[a]ny substantive due process claim must represent 'more than an ordinary tort to be actionable under § 1983,' and must 'shock the conscience.' To reach that level, the government action must be deliberate, rather than merely negligent." *Clark v. Draper*, 168 F.3d 1185, 1190 (10th Cir. 1999) (citations omitted).

In this case, Plaintiff alleges that Defendants "knew or should have known" of their failure to properly monitor the detainees; that nonviolent detainees resided in the same cell block as violent detainees; and Plaintiff was threatened with harm. Plaintiff concedes that the "should have known" language is insufficient to establish deliberate indifference. I agree with Plaintiff, however, that the "knew" language is sufficient to allege deliberate action by the individual defendants. Moreover, the failure to monitor detainees is an obvious risk that is very likely to result in assaults against other detainees. That likelihood of assaults increases when detainees with nonviolent backgrounds are forced to live in the same cellblocks as violent offenders. Furthermore, ignoring threats made against

---

[1] Plaintiff also admits that his assertion that the detention center was subject to state certification requirements does not support a federal constitutional claim. Pl.'s Resp. to Defs.' Second Mot. to Dismiss at 12 n.8.

Plaintiff, forcing him to be with those detainees who had threatened him, and not providing proper monitoring produces a very obvious risk that Plaintiff would be assaulted. These assertions, if true, shock the conscience and constitute deliberate indifference by the individual defendants. I, therefore, find that Plaintiff has stated a substantive due process claim under the Fourteenth Amendment.

At the time the alleged Fourteenth Amendment violations occurred in 1997, the Supreme Court had held that a pretrial detainee's right not to be punished is at least as expansive as a convicted prisoner's freedom from cruel and unusual punishment under the Eighth Amendment. *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983). The deliberate indifference standard in Eighth Amendment cases was in effect at that time and so was clearly established. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Berry v. City of Muskogee*, 900 F.2d 1489, 1496 (10th Cir.1990) (deliberate indifference occurs when an official disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights). Consequently, a reasonable person would have known that deliberate indifference leading to violence against a detainee is a violation of the Fourteenth Amendment. I find that qualified immunity is inapplicable.

Wherefore,

IT IS ORDERED that Defendants' Second Motion to Dismiss *(Doc. 20)* is **denied**.

IT IS ALSO ORDERED that Count I is limited to a substantive due process claim under the Fourteenth Amendment.

DATED this 1st day of June, 1999.

                                         *John Edwards Conway*
                                         **CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| For Plaintiff: | H. R. Quintero<br>Robinson, Quintero & Lopez, P.C.<br>Silver City, New Mexico<br><br>Philip B. Davis<br>Albuquerque, New Mexico |
| For Defendants: | Mark J. Riley<br>Riley, Shane & Hale, P. A.<br>Albuquerque, New Mexico |